**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CRISPER STANFORD**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 05-2230**

**CAESAR'S ENTERTAINMENT, INC.,**                       **SECTION "T"(1)**
**BALLY'S LOUISIANA, INC. and**
**COLUMBIA SUSSEX**
**CORPORATION**


The Defendants, Caesar's Entertainment, Inc. ("Caesar's") and Bally's Louisiana, Inc.

("Bally's"), filed a Motion to Stay, which came before the Court for hearing on August 10, 2005.

Oral argument was waived by the parties and the matter was taken under submission on the

briefs only.  The Court, having considered the record, the evidence submitted, the law and

applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.    Background**

The Plaintiff, Crisper Stanford, filed the instant action alleging that the defendants

unlawfully used his image, voice, likeness and persona in an advertising campaign for

defendants' casino operations, Bally's, located in New Orleans, Louisiana.  As part of his

employment relationship with the defendants and related companies, Stanford played the part of

"Loose Slot Louie," a fictitious character created to promote the defendants' gaming business through product merchandising, television and radio commercials, and print, internet and billboard advertising.  Three years prior to the filing of this action, plaintiff executed a model release granting non-party Park Place Entertainment permission to use his image, likeness and voice for casino promotions.  The plaintiff now contends that this release was not supported by adequate, fair and valuable consideration and thus is unenforceable.  In addition, even if not unenforceable, he contends that the release was expressly limited to those audios, videos and photographs that preceded the execution of the release, not any which were created subsequent to the execution of the release.

Plaintiff first initiated legal proceedings against Caesars, as well as one of its subsidiaries, Sheraton Tunica Corporation ("Sheraton") by filing a complaint in the Circuit Court of Memphis on March 13, 2005.   In the Complaint, Stanford alleged that Caesars and Sheraton unlawfully used his likeness as Louis Slot Louie in their advertising.  Based on these allegations, plaintiff asserted claims for invasion of privacy and/or publicity by misappropriation, false endorsement, civil conspiracy, and "unauthorized use" under Tennessee Code Annotated §47-24-1105 and the Tennessee Consumer Protection Act.

On April 22, 2005, Caesars and Sheraton filed their Notice of Removal, thereby removing the case to the United States District Court for the Western District of Tennessee.  The basis of removal was that plaintiff's state law claim for invasion of privacy and/or publicity by misappropriation is preempted by the Federal Copyright Act, 17 U.S.C. §301.

The plaintiff filed a Motion to Remand on May 18, 2005, asserting that the Federal Copyright Act did not apply to his claim and that the federal court lacked subject matter

jurisdiction.  On May 25, 2005, Caesars and Sheraton filed a Motion to Stay further proceedings pending the court's determination of whether plaintiff's claim is preempted by the Copyright Act on plaintiff's Motion to Remand.  Plaintiff did not oppose that Motion to Stay and on May 27, 2005, the court entered an Order staying further proceedings pending resolution of plaintiff's Motion to Remand.  As of the filing of this Motion, the Tennessee federal court has not ruled on plaintiff's Motion to Remand.

On June 13, 2005, plaintiff filed this action against Caesars and another of its subsidiaries, Bally's.  Subsequent to the filing of his lawsuit, plaintiff learned that Bally's had been sold to Columbia Sussex Corporation.  On July 19, 2005, plaintiff filed a First Amended Complaint adding Columbia Sussex Corporation as another defendant.

The defendants argue that, with the exception of substituting Bally's for Sheraton as a defendant in this case, the substantive allegations of the two cases are virtually identical.  They contend that if the federal court in Tennessee denies plaintiff's Motion to Remand, defendants will move for the two case to be consolidated before the federal court in Tennessee.  Until such time, the defendants request that this Court stay further proceedings pending disposition of the Motion to Remand before the Tennessee Court.

**II.     Law and Analysis of the Court**

This Court has "general discretionary power to stay proceedings before it in the control of its docket and in the interest of justice."  Hines v. D'Artois, 531 F.2d 767, 733 (5th Cir. 1976).  In making the decision whether to grant a stay, the Court should consider two variables:  "the scope of the stay, and the reasons for ordering it."  Id at 733.   The defendants contend that this Court should exercise its discretion and grant a stay of the action until the federal court in

Tennessee rules on plaintiff's Motion to Remand.

In opposition to defendant's Motion to Stay, the plaintiff argues that the defendants' motion is based upon their contention that this matter should be transferred and consolidated with the lawsuit pending in Tennessee.  The plaintiff analyzes whether a transfer should be undertaken and concludes that should the Tennessee court rule that the lawsuit should be remanded to state court, transfer and consolidation would be impossible and plaintiff would have suffered unnecessary delay in the prosecution of his claims in Louisiana.  Assuming that the Tennessee court does retain jurisdiction, the plaintiff argues that the lawsuit would still not be suitable for transfer and consolidation.  Because this Court finds that the sole issue before it is whether a stay is proper,  the issue of whether the case should be transferred is premature and need not be discussed at this time

The defendants argue, and this Court agrees, that the narrow scope of the requested stay, the lack of prejudice to the plaintiff and the reasons cited for ordering it justify an order grating the Motion to Stay.  First, the duration of the stay they request is limited to the time it takes the federal court in Tennessee to issue an order on plaintiff's Motion to Remand.  Therefore, the scope of the stay is limited and will not prejudice the plaintiff.  Second, the reasons supporting the issuance of a stay in this case are compelling.  There is a distinct possibility that the substantive rulings in the first-filed action in Tennessee will address the duplicative issues in the present case, in particular whether the Federal Copyright Act preempts plaintiff's state law claim for invasion of privacy and/or publicity.

Accordingly,

**IT IS ORDERED** that the Motion to Stay filed on behalf of defendants, Caesar's

Entertainment, Inc. and Bally's Louisiana, Inc. , be and the same is hereby **GRANTED.**

New Orleans, Louisiana, this 19th day of January, 2006.

_____

**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**